JOHNSON, trustee, *v.* FULTON NATIONAL BANK *et al.*

ATKINSON, Justice. Where a bank is the holder of a security deed which provides that the grantor shall keep the premises insured against loss by fire and other hazards, ·and upon failure so to do the insurance may be paid or provided for by the grantee or assigns and added to and become a part of the principal debt, and further .provides that the security deed is to cover all other indebtedness of the grantor to the grantee or assigns, and where, after the security deed is transferred to the bank, it discounts five promissory notes in the total sum of $9000, given by the grantor .in the security deed to an insurance agent for insurance on property described in the security deed, and where these notes are discounted .with the bank more than four months before the grantor is adjudicated a bankrupt, though the five notes are subsequently renewed into one note for. $9000 within four months of the date of adjudication in bankruptcy—such a transaction, under the facts in the instant case, does not become a voidable preference under the Bankruptcy Act. 11 U. S. C. A., § 96. Chattanooga National Bank *v.* Rome Iron Co., 4 Am. B. R. 441 (102 Fed. 755) ; Blue *v.* Herkimer National Bank, 15 Am. B. R. (N. S.) 538 (37 Fed. 2d, 663) ; Doggett *v.* Chelsea Trust Co., 27 Am. B. R. (N. S.) 578 (73 Fed. 2d, 614).

*Judgment affirmed. All the Justices concur.*

No. 15588. OCTOBER 8, 1946.

*William A. Fuller,* for plaintiff in error.
*Smith, Kilpatrick, Cody, Rogers & McClatchey,* contra.